**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>INGERSOLL RAND INC., | Civil Action No.:<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Milwaukee Electric Tool Corporation ("Milwaukee Tool" or "Plaintiff"), by its attorneys, McCarter & English LLP and Reinhart Boerner Van Deuren s.c., for its Complaint against Defendant, Ingersoll Rand Inc. ("Ingersoll" or "Defendant"), alleges as follows:

**THE PARTIES**

1. Plaintiff Milwaukee Tool is a Delaware corporation with a principal place of business located at 131835 West Lisbon Road, Brookfield, Wisconsin 53005.

2. On information and belief, Defendant Ingersoll Rand Inc. is a Delaware corporation with its principal place of business located at 525 Harbour Place Drive, Suite 600, Davidson, North Carolina 28036.

**NATURE, JURISDICTION AND VENUE**

3. This is an action for patent infringement founded upon the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including, without limitation, 35 U.S.C. § 271.

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant is incorporated in the State of Delaware and thus resides within this district.

60129727.v1

6. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant is incorporated in the State of Delaware and thus resides in this district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

## BACKGROUND

### Milwaukee Tool's Patents

7. Milwaukee Tool is an industry-leading innovator in developing and manufacturing professional grade power tools, hand tools, and related accessories. Over many years, Milwaukee Tool has continuously invested substantial resources and efforts into developing groundbreaking and market-leading technologies.

8. Milwaukee Tool's innovations include several inventions relating to extreme high torque cordless D-handle impact wrenches.

9. High torque impact wrenches are typically used to provide a striking rotational force, or intermittent applications of torque, to tighten or loosen workpieces such as fasteners. Impact wrenches are frequently utilized to loosen or remove fasteners that are otherwise difficult to remove.

10. Milwaukee Tool developed the world's first cordless D-handle high torque impact wrench. Its invention combines the power of a high-torque impact wrench with the convenience of a cordless device.

11. Milwaukee Tool's inventions relating to its cordless D-handle high torque impact wrenches are covered by an extensive portfolio of intellectual property, including a number of patents across at least three patent families.

12. On May 3, 2022, United States Patent No. 11,318,589 (the "'589 patent") was duly and properly issued and assigned to Milwaukee Tool for an invention titled "Impact Tool." A true and correct copy of the '589 patent is attached to this Complaint as **Exhibit 1**.

13. Milwaukee Tool is the owner of the right, title, and interest to the '589 patent.

14. On November 29, 2022, United States Patent No. 11,511,400 (the "'400 patent") was duly and properly issued and assigned to Milwaukee Tool for an invention titled "High Torque Impact Tool." A true and correct copy of the '400 patent is attached to this Complaint as **Exhibit 2**.

15. Milwaukee Tool is the owner of the right, title, and interest to the '400 patent.

16. On November 1, 2022, United States Patent No. 11,484,997 (the "'997 patent") was duly and properly issued and assigned to Milwaukee Tool for an invention titled "High Torque Impact Tool." A true and correct copy of the '997 patent is attached to this Complaint as **Exhibit 3**.

17. Milwaukee Tool is the owner of the right, title, and interest to the '997 patent.

18. On April 23, 2024, United States Patent No. 11,964,368 (the "'368 patent") was duly and properly issued and assigned to Milwaukee Tool for an invention titled "Impact Tool." A true and correct copy of the '368 patent is attached to this Complaint as **Exhibit 4**.

19. Milwaukee Tool is the owner of the right, title, and interest to the '368 patent.

20. On March 7, 2023, United States Patent No. 11,597,061 (the "'061 patent") was duly and properly issued and assigned to Milwaukee Tool for an invention titled "High Torque Impact Tool." A true and correct copy of the '061 patent is attached to this Complaint as **Exhibit 5**.

21. Milwaukee Tool is the owner of the right, title, and interest to the '061 patent.

22. On March 26, 2024, United States Patent No. 11,938,594 (the "'594 patent") was duly and properly issued and assigned to Milwaukee Tool for an invention titled "High Torque Impact Tool." A true and correct copy of the '594 patent is attached to this Complaint as **Exhibit 6**.

60129727.v1

23. Milwaukee Tool is the owner of the right, title, and interest to the '594 patent.

24. On December 3, 2024, United States Patent No. 12,157,208 (the "'208 patent") was duly and properly issued and assigned to Milwaukee Tool for an invention titled "Impact Tool." A true and correct copy of the '208 patent is attached to this Complaint as **Exhibit 7**.

25. Milwaukee Tool is the owner of the right, title, and interest to the '208 patent.

26. The '589 patent, the '400 patent, the '997 patent, the '368 patent, the '061 patent, the '594 patent, and the '208 patent (hereinafter, when used collectively, the "Patents-in-Suit") cover Milwaukee Tool's inventions related to extreme high torque cordless D-handle impact wrenches.

27. Milwaukee Tool makes, offers for sale, and sells its own high-torque cordless D-handle impact wrenches, which practice the claims of the Patents-in-Suit.

28. For example, Milwaukee Tool offers for sale and sells the M18 FUEL™ 1" D-Handle Ext. Anvil High Torque Impact Wrench with ONE-KEY™, as seen on Milwaukee Tool's website at https://www.milwaukeetool.com/products/details/m18-fuel-1-d-handle-ext-anvil-high-torque-impact-wrench-w-one-key/2869-20. Its brushless, battery-powered motor delivers up to 2,000 ft-lbs of nut-busting torque and 1,900 ft-lbs of fastening torque. It includes both a D-shaped handle that provides stability, and an adjustable auxiliary handle that allows for a balanced hold.

### Defendant's Infringement

29. Defendant is infringing the Patents-in-Suit by importing, making, using, offering for sale, and/or selling a series of high torque cordless impact wrenches that practice each limitation of at least one independent claim of each of the Patents-in-Suit.

30. Certain of Defendant's infringing products are offered for sale and advertised as the "W9000 Series IQV20™ 1'' High Torque Cordless Impact Wrenches" (hereinafter, the

"W9000 Series").

31. The W9000 Series includes, in addition to tool only sales, at least the W9491-K2E and W9491-K4E kits, which include a high torque cordless impact wrench with a standard-length anvil; and the W9691-K2E and W9691-K4E kits, which include a high torque cordless impact wrench with an extended-length anvil.

32. In addition, Defendant offers for sale the W9691TL IQV20™ 1" Forward Torque Limited Impact Wrench, a high torque cordless impact wrench with an extended length anvil that limits the forward torque delivered to reduce the risk of overtightening and wheel-off incidents. It is available as a single tool, model W9691TL, and in the W9691TL-K4E kit (collectively, the "Forward Torque Limited Tools").

33. The W9000 Series, together with the Forward Torque Limited Tools, will be referred to collectively hereinafter as the "Infringing Products."

34. The Infringing Products are impact tools comprising a housing with a motor housing portion that supports an electric motor, a front housing portion, a battery pack that provides power to the motor, a D-shaped handle portion, a second handle coupled to the front housing portion, and a drive assembly that includes an anvil, hammer, and spring. According to product parts information available on Defendant's website, the W9000 Series products and the Forward Torque Limited Tools share all the same parts except for a "power regulator knob" and an "information label," which differ across the two product types.

35. Defendant markets the W9000 Series on its website at https://powertools.ingersollrand.com/en-us/drilling-and-bolting-tools/impact-wrenches/w9000/ as "powerful cordless impact wrench[es]" that use Defendant's "same 20V lithium-ion battery used across Ingersoll Rand's entire line of IQV®20 cordless tools." Defendant further markets the W9000 Series as capable of delivering "[u]p to 3,000 ft-lbs of

Nut Busting Torque" and "2,200 ft-lbs of tightening torque."

36. Defendant markets the Forward Torque Limited Tools on its website at https://powertools.ingersollrand.com/en-us/drilling-and-bolting-tools/impact-wrenches/w9691tl-forward-torque-limited-20v-cordless-impact-wrench/ as "cordless impact wrench[es]" that "combine[] industry leading cordless power with torque limited technology to prevent overtightening for heavy truck and bus wheel service."

37. Defendant's own materials promoting and/or related to its W9000 Series, including product and product parts information available on Defendant's website, reveal that the tools in the W9000 Series comprise each and every limitation of at least one claim of each of the Patents-in-Suit.

38. Further, Defendant's own materials promoting and/or related to its Forward Torque Limited Tools, including product and product parts information available on Defendant's website, reveal that the Forward Torque Limited Tools comprise each and every limitation of at least one claim of the '368 patent; the '061 patent; the '400 patent; and the '208 patent.

39. Defendant offers for sale and sells the W9000 Series in the United States including via Defendant's website, at https://powertools.ingersollrand.com/en-us/drilling-and-bolting-tools/impact-wrenches/w9000/.

40. Defendant offers the Forward Torque Limited Tools for sale in the United States including via Defendant's website, at https://powertools.ingersollrand.com/en-us/drilling-and-bolting-tools/impact-wrenches/w9691tl-forward-torque-limited-20v-cordless-impact-wrench/.

41. Upon information and belief, Defendant sells or offers for sale the Infringing Products through other United States distribution channels as well.

6

42. Defendant does not have authorization from Milwaukee Tool to import, make, use, offer for sale, or sell the Infringing Products.

43. Milwaukee Tool has suffered and will continue to suffer damages from Defendant's acts of infringement complained of herein, including but not limited to lost profits.

44. Furthermore, Milwaukee Tool has been and continues to suffer irreparable harm due to Defendant's infringement complained of herein, for which Milwaukee Tool has no adequate remedy of law, unless Defendant is enjoined from infringing the Patents-in-Suit.

### Notice of Infringement

45. On information and belief, Defendant has known of the existence of the Patents-in-Suit since at least February 24, 2025.

46. On February 24, 2025, Milwaukee Tool notified Defendant of Milwaukee Tool's rights regarding the Patents-in-Suit and of Defendant's infringement (the "February 24 Notice").

47. The February 24 Notice identified each of the Patents-in-Suit and attached claim charts detailing how the W9000 Series products infringed at least one independent claim of each of the Patents-in-Suit.

48. The February 24 Notice demanded, among other things, that Defendant immediately cease and desist from all importation, manufacturing, use, sales, or offers for sale, directly or indirectly, of the Infringing Products within the United States.

49. In correspondence dated April 11, 2025, Defendant responded to Milwaukee Tool through counsel, denying infringement and refusing to comply with the demands of the February 24 Notice.

50. In correspondence dated May 23, 2025, Milwaukee Tool responded to

Defendant through counsel rejecting Defendant's non-infringement arguments and concluding that the "April 11 letter provides no basis for Milwaukee to reconsider its assertions and demands."

51. In the May 23, 2025 letter, Milwaukee Tool reiterated its demand that Defendant immediately cease its infringing conduct.

52. To date, Defendant has not responded to Milwaukee Tool's May 23, 2025 letter.

53. To date, Defendant has not complied, or agreed to comply, with any of the demands set forth in the February 24 Notice.

54. Defendant has continued making, using, selling, and/or offering for sale the W9000 Series products since receiving the February 24 Notice.

55. In addition, at least as of February of 2026, Defendant introduced the Forward Torque Limited Tools into the U.S. market, despite Defendant's awareness of the '368 patent; the '061 patent; the '400 patent; the '208 patent and the manner in which the Forward Torque Limited Tools would infringe those patents.

## COUNT I
## Infringement of the '589 Patent

56. Milwaukee Tool realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 49 above as though fully set forth herein.

57. The '589 patent is valid and enforceable.

58. Milwaukee Tool is the owner of the right, title, and interest in the '589 patent.

59. Defendant is infringing Milwaukee Tool's exclusive rights in the '589 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the claims of the '589 patent, including the W9000 Series of high-torque cordless impact wrenches.

60. The W9000 Series products meet each and every limitation of at least claim 1, 2, 3, 7, 10, and 11 of the '589 patent, as shown in the claim chart attached hereto as **Exhibit 8**.

61. Defendant was on notice and aware of the '589 patent and its infringement thereof prior to the filing of the Complaint and at least as early as February 24, 2025.

62. Despite an objectively high likelihood that Defendant's actions constitute infringement of the '589 patent, and despite repeated demands that it cease infringement, Defendant has continued to infringe.

63. Defendant's infringement has been, and continues to be, knowing, intentional, and willful.

64. Defendant's acts of infringement of the '589 Patent have caused and will continue to cause Milwaukee Tool damages, for which Milwaukee Tool is entitled to compensation pursuant to 35 U.S.C. § 284.

65. Defendant's acts of infringement of the '589 Patent have caused and will continue to cause Milwaukee Tool immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Milwaukee Tool has no adequate remedy at law.

## COUNT II
### Infringement of the '400 Patent

66. Milwaukee Tool realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 59 above as if fully set forth herein.

67. The '400 patent is valid and enforceable.

68. Milwaukee Tool is the owner of the right, title, and interest in the '400 patent.

69. Defendant is infringing Milwaukee Tool's exclusive rights in the '400 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, and/or selling

products that embody the inventions of and are within the scope of the claims of the '400 patent, including the W9000 Series of high-torque cordless impact wrenches and the Forward Torque Limited Tools.

70. The Infringing Products meet each and every limitation of numerous claims of the '400 patent, as shown in the claim charts attached hereto as **Exhibits 9 and 10**. Specifically, the W9000 Series meets each and every limitation of claims 1-20 of the '400 Patent, while the Forward Torque Limited Tools meet each and every limitation of at least claims 1-10 and 12-15 of the '400 Patent.

71. Defendant was on notice and aware of the '400 patent and its infringement thereof prior to the filing of the Complaint and at least as early as February 24, 2025.

72. Despite an objectively high likelihood that Defendant's actions constitute infringement of the '400 patent, and despite repeated demands that it cease infringement, Defendant has continued to infringe.

73. Defendant's infringement has been, and continues to be, knowing, intentional, and willful.

74. Defendant's acts of infringement of the '400 patent have caused and will continue to cause Milwaukee Tool damages, for which Milwaukee Tool is entitled to compensation pursuant to 35 U.S.C. § 284.

75. Defendant's acts of infringement of the '400 patent have caused and will continue to cause Milwaukee Tool immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Milwaukee Tool has no adequate remedy at law.

## COUNT III
### Infringement of the '997 Patent

76. Milwaukee Tool realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 69 above as if fully set forth herein.

77. The '997 patent is valid and enforceable.

78. Milwaukee Tool is the owner of the right, title, and interest in the '997 patent.

79. Defendant is infringing Milwaukee Tool's exclusive rights in the '997 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the claims of the '997 patent, including the W9000 Series of high-torque cordless impact wrenches.

80. The W9000 Series products meet each and every limitation of at least claims 1, 3-6, 9-10, and 13 of the '997 patent, as shown in the claim chart attached hereto as **Exhibit 11.**

81. Defendant was on notice and aware of the '997 patent and its infringement thereof prior to the filing of the Complaint and at least as early as February 24, 2025.

82. Despite an objectively high likelihood that Defendant's actions constitute infringement of the '997 patent, and despite repeated demands that it cease infringement, Defendant has continued to infringe.

83. Defendant's infringement has been, and continues to be, knowing, intentional, and willful.

84. Defendant's acts of infringement of the '997 patent have caused and will continue to cause Milwaukee Tool damages, for which Milwaukee Tool is entitled to compensation pursuant to 35 U.S.C. § 284.

85. Defendant's acts of infringement of the '997 patent have caused and will continue to cause Milwaukee Tool immediate and irreparable harm unless such infringing activities are

enjoined by this Court pursuant to 35 U.S.C. § 283. Milwaukee Tool has no adequate remedy at law.

## COUNT IV
## Infringement of the '368 Patent

86. Milwaukee Tool realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 79 above as if fully set forth herein.

87. The '368 patent is valid and enforceable.

88. Milwaukee Tool is the owner of the right, title, and interest in the '368 patent.

89. Defendant is infringing Milwaukee Tool's exclusive rights in the '368 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the claims of the '368 patent, including the W9000 Series of high-torque cordless impact wrenches and the Forward Torque Limited Tools.

90. The W9000 Series products meet each and every limitation of claims 1-20 of the '368 patent, as shown in the claim chart attached hereto as **Exhibit 12**.

91. The Forward Torque Limited Tools meet each and every limitation of at least claims 8, 13-15, and 19-20 of the '368 patent, as shown in the claim chart attached hereto as **Exhibit 13.**

92. Defendant was on notice and aware of the '368 patent and its infringement thereof prior to the filing of the Complaint and at least as early as February 24, 2025.

93. Despite an objectively high likelihood that Defendant's actions constitute infringement of the '368 patent, and despite repeated demands that it cease infringement, Defendant has continued to infringe.

94. Defendant's infringement has been, and continues to be, knowing, intentional, and

willful.

94. Defendant's acts of infringement of the '368 patent have caused and will continue to cause Milwaukee Tool damages, for which Milwaukee Tool is entitled to compensation pursuant to 35 U.S.C. § 284.

95. Defendant's acts of infringement of the '368 patent have caused and will continue to cause Milwaukee Tool immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Milwaukee Tool has no adequate remedy at law.

**COUNT V**
**Infringement of the '061 Patent**

97. Milwaukee Tool realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 89 above as if fully set forth herein.

98. The '061 patent is valid and enforceable.

99. Plaintiff is the owner of the right, title, and interest in the '061 patent.

100. Defendant is infringing Milwaukee Tool's exclusive rights in the '061 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the claims of the '061 patent, including the W9000 Series of high-torque cordless impact wrenches and the Forward Torque Limited Tools.

101. The Infringing Products meet each and every limitation of numerous claims of the '061 patent, as shown in the claim charts attached hereto as **Exhibits 14 and 15.** Specifically, the W9000 Series meets each and every limitation of at least claims 1-3, 10-11, 14-15, and 18 of the '061 Patent. The Forward Torque Limited Tools meet each and every limitation of at least claims 1-3, 10-11, 14-15, and 18 of the '061 Patent.

102. Defendant was on notice and aware of the '061 patent and its infringement thereof prior to the filing of the Complaint and at least as early as February 24, 2025.

103. Despite an objectively high likelihood that Defendant's actions constitute infringement of the '061 patent, and despite repeated demands that it cease infringement, Defendant has continued to infringe.

104. Defendant's infringement has been, and continues to be, knowing, intentional, and willful.

105. Defendant's acts of infringement of the '061 patent have caused and will continue to cause Milwaukee Tool damages, for which Milwaukee Tool is entitled to compensation pursuant to 35 U.S.C. § 284.

106. Defendant's acts of infringement of the '061 patent have caused and will continue to cause Milwaukee Tool immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Milwaukee Tool has no adequate remedy at law.

## COUNT VI
## Infringement of the '594 Patent

107. Milwaukee Tool realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 99 above as if fully set forth herein.

108. The '594 patent is valid and enforceable.

109. Plaintiff is the owner of the right, title, and interest in the '594 patent.

110. Defendant is infringing Milwaukee Tool's exclusive rights in the '594 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the claims of the '594 patent, including the W9000 Series of high-torque cordless impact wrenches.

14

111. The W9000 Series products meet each and every limitation of at least claims 1-7 and 15-20 of the '594 patent, as shown in the claim chart attached hereto as **Exhibit 16.**

112. Defendant was on notice and aware of the '594 patent and its infringement thereof prior to the filing of the Complaint and at least as early as February 24, 2025.

113. Despite an objectively high likelihood that Defendant's actions constitute infringement of the '594 patent, and despite repeated demands that it cease infringement, Defendant has continued to infringe.

114. Defendant's infringement has been, and continues to be, knowing, intentional, and willful.

115. Defendant's acts of infringement of the '594 patent have caused and will continue to cause Milwaukee Tool damages, for which Milwaukee Tool is entitled to compensation pursuant to 35 U.S.C. § 284.

116. Defendant's acts of infringement of the '594 patent have caused and will continue to cause Milwaukee Tool immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Milwaukee Tool has no adequate remedy at law.

### COUNT VII
### Infringement of the '208 Patent

117. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 109 above as if fully set forth herein.

118. The '208 patent is valid and enforceable.

119. Plaintiff is the owner of all right, title, and interest in the '208 patent.

120. Defendant is infringing Milwaukee Tool's exclusive rights in the '208 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, and/or selling

products that embody the inventions of and are within the scope of the claims of the '208 patent, including the W9000 Series of high-torque cordless impact wrenches with extended anvils and the Forward Torque Limited Tools.

121. The W9691-K2E and W9691-K4E kits and the Forward Torque Limited Tools meet each and every limitation of at least claims 1 and 4 of the '208 patent, as shown in the claim charts attached hereto as **Exhibits 17 and 18.**

122. Defendant was on notice and aware of the '208 patent and its infringement thereof prior to the filing of the Complaint and at least as early as February 24, 2025.

123. Despite an objectively high likelihood that Defendant's actions constitute infringement of the '208 patent, and despite repeated demands that it cease infringement, Defendant has continued to infringe.

124. Defendant's infringement has been, and continues to be, knowing, intentional, and willful.

125. Defendant's acts of infringement of the '208 patent have caused and will continue to cause Milwaukee Tool damages, for which Milwaukee Tool is entitled to compensation pursuant to 35 U.S.C. § 284.

126. Defendant's acts of infringement of the '208 patent have caused and will continue to cause Milwaukee Tool immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Milwaukee Tool has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Finding that Defendant has infringed and continues to infringe the Patents-in-Suit,

in violation of 35 U.S.C. § 271(a);

B.   Awarding damages to Milwaukee Tool under 35 U.S.C. § 284 adequate to compensate Milwaukee Tool for Defendant's infringement of the Patents-in-Suit, in an amount to be determined at trial, along with interest and costs for Defendant's infringement of each of the Patents-in-Suit;

C.   Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding Milwaukee Tool reasonable attorneys' fees as provided in 35 U.S.C. § 285;

D.   Finding that Defendant's infringement was willful and trebling any damages awarded to Milwaukee Tool pursuant to 35 U.S.C. § 284;

E.   Entering a permanent injunction under 35 U.S.C. § 283, enjoining Defendant and its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with Defendant, from manufacturing, making, selling, offering for sale, importing, or using the Infringing Products identified herein or any comparable product that infringes the Patents-in-Suit; and

F.   Awarding to Milwaukee Tool such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demand a trial by jury of all issues so triable.

| | |
|---|---|
| Date: February 27, 2026 | McCARTER & ENGLISH, LLP |
| | /s/ *Daniel J. Brown* |
| OF COUNSEL: | Daniel J. Brown (#4688) |
| | Max G. Gioffre (#7596) |
| Paul J. Stockhausen | Amy R. Harriman (#7602) |
| Monica A. Mark | 405 N. King St., 8th Floor |
| REINHART BOERNER VAN DEUREN S.C. | Wilmington, DE 19801 |
| 22 East Mifflin Street, Suite 700 | (302) 984-6300 |
| Madison, WI 53703 | djbrown@mccarter.com |
| (608) 229-2200 | mgioffre@mccarter.com |
| PStockhausen@reinhartlaw.com | aharriman@mccarter.com |
| MMark@reinhartlaw.com | |
| | *Attorneys for Plaintiff* |